FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 29, 2022

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHN I. SANGER,<br><br>Defendant. | No. 2:22-MJ-00126-JAG-1<br><br>ORDER FOLLOWING INITIAL APPEARANCE ON CRIMINAL COMPLAINT<br><br>**USMS ACTION REQUIRED** |

The Court held an initial appearance on April 27, 2022, for a Criminal Complaint filed against Defendant JOHN A. SANGER on April 25, 2022. Defendant appeared in custody represented by Assistant Federal Defender Payton Martinez. Assistant U.S. Attorney Patrick Cashman represented the United States. U.S. Probation Officer Patrick J. Dennis was also present.

Defendant was advised of, and acknowledged, his rights. A denial of the allegations in the Criminal Complaint was entered on behalf of Defendant.

The United States is seeking detention. **ECF No. 8**. Defendant requested a detention hearing. A **detention hearing is scheduled for May 5, 2022, at 1:30 p.m.**, before the undersigned.

Defendant waived the preliminary hearing. **A status hearing is set for May 5, 2022, at 1:30 p.m.,** before the undersigned.

Defendant shall remain in custody pending the detention hearing and shall be afforded reasonable opportunity for private consultation with counsel.

ORDER - 1

If a party desires that another Court review this order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review before the district judge to whom the case is assigned, as further described in the Detention Order Review Protocol published for the Eastern District of Washington. Both parties shall cooperate to ensure that the motion is promptly determined.

Additionally, under federal law, including Rule 5(f) of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), and all applicable decisions from the Supreme Court and the Ninth Circuit interpreting *Brady*, the government has a continuing obligation to produce all information or evidence known to the government relating to guilt or punishment that might reasonably be considered favorable to the defendant's case, even if the evidence is not admissible so long as it is reasonably likely to lead to admissible evidence. *See United States v. Price,* 566 F.3d 900, 913 n.14 (9th Cir. 2009). Accordingly, the court orders the government to produce to the defendant in a timely manner all such information or evidence.

Information or evidence may be favorable to a defendant's case if it either may help bolster the defendant's case or impeach a prosecutor's witness or other government evidence. If doubt exists, it should be resolved in favor of the defendant with full disclosure being made.

If the government believes that a required disclosure would compromise witness safety, victim rights, national security, a sensitive law-enforcement technique, or any other substantial government interest, the government may apply to the Court for a modification of the requirements of this Disclosure Order, which may include *in camera* review and/or withholding or subjecting to a protective order all or part of the information.

This Disclosure Order is entered under Rule 5(f) and does not relieve any party in this matter of any other discovery obligation. The consequences for

violating either this Disclosure Order or the government's obligations under *Brady* include, but are not limited to, the following: contempt, sanction, referral to a disciplinary authority, adverse jury instruction, exclusion of evidence, and dismissal of charges.  Nothing in this Disclosure Order enlarges or diminishes the government's obligation to disclose information and evidence to a defendant under *Brady*, as interpreted and applied under Supreme Court and Ninth Circuit precedent.  As the Supreme Court noted, "the government violates the Constitution's Due Process Clause 'if it withholds evidence that is favorable to the defense and material to the defendant's guilt or punishment.'"  *Turner v. United States*, 137 S. Ct. 1885, 1888 (2017), quoting *Smith v. Cain*, 565 U.S. 73, 75 (2012).

**IT IS SO ORDERED.**

DATED April 29, 2022.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE