Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Patrick J. Cashman
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>    v.<br><br>JOHN I. SANGER,<br><br>                  Defendant. | 2:22-CR-00052-TOR-1<br><br>United States' Sentencing Memorandum |

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, Patrick J. Cashman, Assistant United States Attorney for the Eastern District of Washington, respectfully submits the following Sentencing Memorandum. The United States recommends the Court accepted the Fed. R. Crim. P. 11(c)(1)(C) plea agreement and sentence the Defendant to a term of 24 months incarceration, followed by 3 years of supervised release. A sentence of 24 months incarceration is a reasonable sentence that is no greater than necessary to meet the interests of federal sentencing principles.

                              I.    Background

The United States relies on the facts provided in the plea agreement and the United States Probation Office's (USPO) Pre-Sentence Investigation Report (PSIR)

United States' Sentencing Memorandum - 1

and Addendum. (ECF Nos. 232, 253). The United States reserves the ability to present additional facts as necessary at the sentencing hearing to address any of the Court's concerns.

## II. Defendant's PSIR Objections

The Defendant did not file objections to the PSIR.

## III. Departures

The United States submits the Court in accepting the terms of the Fed. R. Crim. P. 11(c)(1)(C) will need to upward depart or vary.

## IV. 18 U.S.C. § 3553(a)

When applying the 18 U.S.C. § 3553(a) factors, a sentence of 24 months and three-years supervised release is appropriate. The United States submits, under the circumstances of this case, a 24-month sentence is fair and no greater than necessary to satisfy the interests of federal sentencing principles.

The nature and circumstances of this case warrant a 24-month sentence. The Defendant's acts, both the substantive offense and relevant conduct pursuant to U.S.S.G. § 1B1.3, throughout this case are serious and egregious. Like his co-Defendants, the Defendant used his position to obtain a significant amount of military ammunition for his own personal use. The Defendant's actions undermined the good order and discipline of the force and seriously impacted the image of the United States Air Force to the public. The actions of the Defendant, and his co-Defendants, undermined the trust and confidence the taxpayers place in our servicemembers. Additionally, the Defendant solicited and purchased an unregistered silencer from the undercover agent.

However, the Defendant's actions in this case were far more egregious than simply stealing ammunition and possessing an unregistered silencer. These actions speak not only to the nature and circumstances but also to the Defendant's character. As noted in the PSIR and the plea agreement, this investigation began due to the Defendant's online comments advocating the use of violence to overthrow the

United States' Sentencing Memorandum - 2

government and advance his political and white supremist beliefs. ECF No. 253, ¶¶ 16, 17. Following these comments, through an undercover agent, law enforcement learned the Defendant was a danger much closer to home. The investigation revealed the Defendant wanted to effect change by targeting critical infrastructure, including the Spokane Health District building, COVID-19 testing facilities, and Planned Parenthood. *Id.*, ¶¶ 21, 27, 28. At one point the Defendant explained that he did not want to kill innocent people but wanted to inflict losses on facilities related to the pandemic. However, subsequently indicated that killing some people is justified. *Id.*, ¶¶ 24, 27. Consistent with that Defendant's stated intentions, the Defendant took steps to surveil the COVID-19 testing site in Spokane, stating in a voicemail to the undercover agent that he believed you could start a fire at the site through one of the windows at the facility. *Id.* In addition to surveilling the COVID-19 testing site, the Defendant also surveilled the Spokane Public Health building and Planned Parenthood in Spokane. *Id.*, ¶ 27. Fortunately, the Defendant's plans never came to fruition and no person or property were harmed. The Defendant's actions warrant a sentence of 24 months incarceration.

    Turning to the Defendant's criminal history, the Defendant has no criminal history aside from the current conviction and a corresponding conviction from the United States Air Force. As a result of this investigation, Defendant was court-martialed by United States Air Force for violating regulations prohibiting engaging in extremist activities and received a bad-conduct discharge. However, the Defendant's lack of criminal history does not sufficiently mitigate from the seriousness of his actions and the danger the Defendant poses to the community. Therefore, the United States maintains an appropriate sentence is 24 months incarceration.

    Moreover, consideration of other 18 U.S.C. § 3553(a) factors also warrant a 24 month sentence. A sentence of 24 months incarceration is appropriate to protect the public and meet the interests of general and specific deterrence. A sentence of 24 months will ensure the public knows engaging in criminal acts such as these are met

United States' Sentencing Memorandum - 3

with significant consequences. There may be other educational and vocational programming available in Bureau of Prisons for the Defendant. The Defendant does not appear to suffer from alcohol or controlled substance addiction, therefore rehabilitative programming of that nature would not be beneficial to the Defendant.

Additionally, the Defendant should be sentenced to a term of 3 years supervised release. This will provide the Defendant the proper amount of supervision and opportunity to obtoned employment and services with the assistance of a USPO.

## V.     Conclusion

The case against the Defendant is much more than simply stealing ammunition and possessing an unregistered silencer; it is an example of the danger to society and public order an individual can become when siloed by their ideologies. The Defendant took an oath to uphold the Constitution, our nation, and the protection of all our citizens regardless of their color, gender, ethnicity, or religious beliefs. Instead, the Defendant took the benefits of serving his country, while harboring a hatred of the very people and ideals he swore to protect. *Id.*, ¶¶ 38, 27 (commenting to co-Defendant Eagleton he liked meeting others who "hated the government and the military" and commenting that most people who use Planned Parenthood are black). Those that volunteer to protect our country are some of the best; however, when the best are corrupted, whether by money, greed, or evil ideologies, their actions left unchecked strike a terrible wound to our democracy. Accordingly, when considering the totality of the nature, circumstances, and seriousness of the Defendant's actions of stealing ammunition and possessing an unregistered silencer and the characteristics of the Defendant, a 24-month sentence of incarceration is just, reasonable, and appropriate to reflect the gravity of the Defendant's criminal acts.

//

//

//

Accordingly, the United States recommends the Court impose a sentence of 24 months imprisonment followed by 3 years of supervised release.

Dated:  November 22, 2023.

                                            Vanessa R. Waldref
                                            United States Attorney

                                            *s/ Patrick J. Cashman*
                                            Patrick J. Cashman
                                            Assistant United States Attorney

# CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Amy Rubin and J. Stephen Roberts

*s/ Patrick J. Cashman*
Patrick J. Cashman
Assistant United States Attorney
